UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL TODD McGREW,<br><br>    Petitioner,<br><br>  v.<br><br>RICHARD MORGAN,<br><br>    Respondent. | Case No. C06-129-MJP-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Daniel McGrew, a state prisoner, proceeds *pro se* and *in forma pauperis* in this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 9. Respondent has filed a response to the petition, in which he argues petitioner's claims are barred by operation of the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1), or otherwise procedurally barred. Dkt. No. 19. After careful consideration of the petition, response, governing law and the balance of the record, the Court recommends that petitioner's exhausted claims be dismissed with prejudice as untimely under 28 U.S.C. § 2244(d)(1), and his unexhausted claims be dismissed without prejudice.

## II. FACTS AND PROCEDURAL HISTORY

In August 1996, petitioner led a City of Sultan police officer on a high speed chase along State Route 2. Dkt. No. 21, Ex. 5 at 1. Petitioner's truck eventually collided with a

REPORT AND RECOMMENDATION
PAGE - 1

county sheriff's automobile, crossed the center line, and struck an oncoming vehicle. *Id.* A Sultan Deputy Sheriff was injured and the driver of the other car killed. *Id.* On November 22, 1996, upon petitioner's guilty plea, the Snohomish County Superior Court entered a judgment and 168-month sentence against petitioner, then a seventeen-year-old juvenile, on charges of second degree felony murder and vehicular assault in a reckless manner. Dkt. No. 21, Ex. 1. The felony murder rule was predicated on the crime of "Attempting to Elude a Pursuing Police Vehicle." Dkt. No. 21, Ex. 10. Petitioner is currently confined at the Washington State Penitentiary in Walla Walla, Washington.

Petitioner did not appeal his conviction. Instead, on March 5, 1999, he filed a personal restraint petition (PRP) in Division One of the Washington Court of Appeals. This petition argued that newly discovered evidence and ineffective assistance of counsel required a new trial. Dkt. No. 21, Ex. 4.[1] The proffered new evidence consisted of information surrounding the decedent victim's estate's civil suit against the City of Sultan, including certain deposition statements and internal memoranda, "technical collision reconstruction" results, and the institution of a "safer high-speed chase policy," each of which petitioner claims establishes the negligence of the officers in conducting the high speed chase. *Id.* at 8. Petitioner's ineffective assistance of counsel claim was premised on the argument that counsel impermissibly coerced petitioner to plead guilty to second degree murder without informing him of the nature and consequences of his plea, failed to argue that petitioner lacked the requisite intent to sustain such a conviction, and failed to present or discuss the possibility of a vehicular manslaughter plea which, according to petitioner, was the more appropriate charge. *Id.* at 7-11.

On April 9, 1999, the court of appeals dismissed the PRP as time-barred under R.C.W. § 10.73.090. Dkt. No. 21, Ex. 5 at 1. Petitioner then filed a motion for discretionary review in

---

[1] It appears that the Washington Court of Appeals recently destroyed petitioner's original PRP; as a result, reference to that document comes by way of petitioner's Petition for Discretionary Review, Dkt. No. 21, Ex. 4.

REPORT AND RECOMMENDATION
PAGE - 2

the Supreme Court of Washington, raising the same arguments. Dkt. No. 21, Ex. 4. Review was denied by the Supreme Court Commissioner on June 22, 1999. Dkt. No. 21, Ex. 5. While the Commissioner noted that newly-discovered evidence claims are generally exempt from R.C.W. § 10.73.090's one-year statute of limitations, *see id.* § 10.73.100(1), he nevertheless agreed with the court of appeals that petitioner's claims did not meet that description. Specifically, the Commissioner found that petitioner "made his own decision to flee from the pursuing officer," and failed to show that the alleged negligence of the officers constituted a supervening cause under Washington law. Dkt. No 21, Ex. 5 at 2. Petitioner's July 15, 1999 motion to modify the Commissioner's ruling was denied by the Washington Supreme Court on August 31, 1999. Dkt. No. 21, Ex. 7.

Three-and-a-half years later, petitioner filed a second PRP. Dkt. No. 21, Ex. 8. In it, he argued that his sentence was excessive, in violation of the Eighth Amendment, because he should have been charged with second degree manslaughter or vehicular homicide, rather than felony murder, taking into account his lack of requisite intent and the recent Washington Supreme Court opinion of *In re Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002). *Id.* at 3. After staying petitioner's PRP pending resolution of *In re Hinton*, 152 Wn.2d 853, 100 P.3d 801 (2004), the court dismissed the PRP, notwithstanding the above-mentioned rulings, by reason that petitioner's second degree felony murder conviction was based on a felony other than the crime of assault. Dkt. No. 21, Ex. 10.[2]  Petitioner again moved for discretionary review with the Washington Supreme Court, Dkt. No. 11., which was again denied based on Washington's one-year limitations period for collateral attacks. Dkt. No. 12. The Commissioner further reiterated that *In re Andress* was inapposite because petitioner's felony murder conviction was predicated on attempting to elude a pursuing police officer, not assault. *Id.* at 1. Thereafter,

---

[2] In the case of *In re Andress*, the Washington Supreme Court held that second degree assault could not serve as a predicate felony to second degree felony murder. *In re Andress*, 147 Wn.2d at 604, 56 P.3d at 982. The *In re Hinton* decision extended the holding of *In re Andress* to any person convicted of second degree felony murder, with assault as the predicate felony, under former R.C.W. § 9A.32.050. *In re Hinton*, 152 Wn.2d at 861, 100 P.3d at 805.

REPORT AND RECOMMENDATION
PAGE - 3

petitioner moved to modify the Commissioner's decision, without success. Dkt. No. 21, Ex. 14. On September 23, 2005, the Washington Court of Appeals issued a Certificate of Finality. Dkt. No. 15.

After filing his second PRP but prior to its resolution, petitioner filed a motion to withdraw his guilty plea in Snohomish County Superior Court. *See* Dkt. No. 21, Ex. 16. Specifically, petitioner argued that his guilty plea was invalid for various reasons, including his failure to understand the nature of consequences of the plea, and the fact that he was never informed that such a plea would result in a statutory fine. *Id.* at 2. The Snohomish County Superior Court treated this motion as a third PRP and, for that reason, transferred it to the Washington Court of Appeals. Dkt. No. 21, Ex. 19. On June 21, 2005, the court of appeals dismissed the PRP as time-barred under R.C.W. § 10.73.090. Dkt. No. 21, Ex. 20. Upon petitioner's final motion for discretionary review, the same rationale was given by the Commissioner's September 9, 2005 decision denying review. The Commissioner also found that petitioner failed to identify a defect on the face of his November 1996 judgment and sentence, and determined that petitioner's unlawful financial obligations argument was without merit. Dkt. No. 21, Ex. 21 (citing *In re Goodwin*, 146 Wn.2d 861, 86650 P.3d 618 (2002), and *In re Metcalf*, 92 Wn. App. 165, 183, 962 P.2d 911 (1998)). Petitioner's motions to modify the Commissioner's ruling and appoint counsel were denied on November 1, 2005, Dkt. No. 21, Ex. 22, and a Certificate of Finality was issued by the court of appeals on December 30, 2005. Dkt. No. 21, Ex. 23.

On January 9, 2006, petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the United States District Court for the Eastern District of Washington. Dkt. No. 1-3. That petition was later transferred to this district, and service was directed by this Court on March 13, 2006. Dkt. No. 10. On July 28, 2006, respondent filed an answer to the petition. Dkt. No. 19. Petitioner's § 2254 petition and the complete record in this case are now before the Court.

### III.  CLAIMS FOR RELIEF

Petitioner raises four claims for relief in his petition: (1) involuntary guilty plea; (2) violation of the right to appeal and right to assistance of counsel; (3) unlawful denial of a request to withdraw a guilty plea based on Ninth Circuit case law; and (4) failure to hold a juvenile decline hearing on the underlying crime of attempting to elude a pursuing police vehicle before charging petitioner with felony murder.  In his answer, respondent argues that petitioner's claims are barred by the federal statute of limitations, or were otherwise unexhausted in state court and thus procedurally barred.  Dkt. No. 19.

### IV.  DISCUSSION

A.  AEDPA's Statute of Limitations Bars Petitioner's Exhausted Claims

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which worked substantial changes in the law of federal post-conviction relief.  One of those changes was the adoption of a one-year statute of limitations for § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).  Section 2244(d)(1) states that the one-year limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The record before the Court makes clear that petitioner's § 2254 petition was not timely filed in accordance with AEDPA's one-year statute of limitations.  Petitioner's judgment became final, for purposes of federal law, on December 22, 1996.  Dkt. No. 21, Ex.

1.[3] Thus, petitioner had until December 23, 1997, to file his § 2254 habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (noting that AEDPA's statute of limitations commences the day after a petitioner's conviction becomes final, in accordance with Fed. R. Civ. P. 6(a)). On December 28, 2005, more than eight years after the expiration of the federal statute of limitations, petitioner constructively filed his federal habeas corpus petition.[4] Accordingly, the petition is time-barred under § 2244(d)(1). The only circumstance under which the petition would not be time-barred is if AEDPA's statute of limitations was tolled.

  B.  AEDPA's Tolling Provisions Do Not Save Petitioner's Exhausted Claims

As detailed above, petitioner filed at least three collateral attacks against his judgment and sentence in this matter. *See* Dkt. No. 21, Ex. 4, Ex. 8, Ex. 16. AEDPA contains a provision that tolls the statute when a state collateral attack is filed. *See* 28 U.S.C. § 2244(d)(2). Additionally, AEDPA's statute of limitations is subject to equitable tolling under certain circumstances. Neither of these provisions, however, save the present petition from being time-barred under § 2244(d)(1).

---

[3] Because petitioner pleaded guilty, and received a standard-range sentence, one could argue that he had no right to direct review in the state courts. *See* R.C.W. § 9.94A.585(1); *State v. Friederich-Tibbets*, 123 Wn.2d 250, 252, 866 P.2d 1257, 1257-58 (1994) (per curiam). This would mean that petitioner's judgment and sentence became final one day after entry. *See Patterson*, 251 F.3d at 1245-46; Fed. R. Civ. P. 6(a). However, even if the Court were to consider the conviction final on December 22, 1996 upon expiration of Wash. RAP 5.2(a)'s thirty-day direct review window, petitioner's § 2254 petition would still be time-barred under § 2244(d)(1).

[4] While petitioner signed his § 2254 petition on December 28, 2005, it was not filed in the Eastern District until January 9, 2006, and not filed in this Court until January 24, 2006. *See* Dkt. No. 9 at 1, 6.

REPORT AND RECOMMENDATION
PAGE - 6

1. *Statutory Tolling*

AEDPA's statute of limitations may be tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, a PRP that is properly filed prior to the running of the statute of limitations tolls that period. In this case, however, petitioner filed his first PRP on March 5, 1999, after both AEDPA's statute of limitations and the pertinent state-law limitations periods expired. *See* 28 U.S.C. § 2244(d)(1); R.C.W. § 10.73.090. Petitioner's PRPs were thus not "properly filed" under § 2244(d)(2) and as a result, AEDPA's statutory tolling provisions do not apply. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (holding that state post-conviction petition rejected by state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)).

2. *Equitable Tolling*

AEDPA's statute of limitations is also subject to equitable tolling. *Pace*, 544 U.S. at 418. The Supreme Court, however, has indicated that equitable tolling is only applicable in limited circumstances. *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) ("Equitable tolling is unavailable in most cases, and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal quotations omitted). To prevail with such an argument, the petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

Here, petitioner has alleged no "extraordinary circumstances" beyond his control that have made it impossible for him to file a timely petition. Furthermore, no such evidence is apparent from the Court's review of the record. Accordingly, because the petition was filed after the running of the statute of limitations, and because no evidence justifies statutory or equitable tolling, petitioner's claims should be dismissed as time-barred. Because the Court

REPORT AND RECOMMENDATION
PAGE - 7

finds that this petition is barred by AEDPA's statute of limitations, it is not necessary to address the underlying substance of petitioner's arguments.

### C. Petitioner's Second and Fourth Claims Are Unexhausted

Respondent argues that petitioner failed to exhaust his § 2254 claims regarding denial of the rights to appeal and counsel, and failure to hold a juvenile decline hearing on the underlying crime of attempting to elude, because petitioner did not invoke one complete round of the state's established appellate review process with regard to those claims. *See, e.g.*, *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005). Accordingly, these claims have not been exhausted and should be dismissed without prejudice.

Respondent also argues that because petitioner failed to comply with the state statute of limitations (R.C.W. § 10.73.090) and rule prohibiting successive petitions (R.C.W. § 10.73.140, Wash. RAP 16.4(d)), his unexhausted claims are procedurally barred and are therefore not cognizable in a federal habeas action and should be dismissed with prejudice. This argument underscores that Washington courts have yet to rule on petitioner's arguments related to the absence of a juvenile court decline hearing and any jurisdictional consequences stemming therefrom. Accordingly, in the interests of comity, the Court eschews a procedural bar analysis and instead recommends that petitioner's unexhausted claims be dismissed without prejudice at this time.

### V.   CONCLUSION

Petitioner filed his 28 U.S.C. § 2254 petition for writ of habeas corpus more than eight years after the expiration of the AEDPA's one-year statute of limitations. In addition, petitioner has not demonstrated that the statute should be tolled under 28 U.S.C. § 2244(d)(2), as his personal restraint proceedings in the state courts could not have acted to toll the period by statute, and petitioner made no equitable showing of extraordinary circumstances that made it impossible to file a petition on time. Accordingly, the Court recommends that the exhausted claims of the petition be DISMISSED with prejudice as time-barred under 28 U.S.C. §

01 2244(d)(1). However, the Court recommends that petitioner's unexhausted claims be
02 DISMISSED without prejudice, so that the petitioner can exhaust his claims before the
03 appropriate Washington State Court. A proposed order accompanies this Report and
04 Recommendation.

05     DATED this 15th day of December, 2006.

                                    /s/ James P. Donohue
                                    _____
                                    JAMES P. DONOHUE
                                    United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 9